BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-MC-00012-GEB-CKD |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $30,020.00 IN U.S. CURRENCY, and | |
| A $20,000.00 CASHIER'S CHECK, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On or about June 13, 2012, agents with the Drug Enforcement Administration ("DEA") seized Approximately $30,020.00 in U.S. Currency and A $20,000.00 Cashier's Check (hereafter the "defendant funds") pursuant to a Federal seizure warrant.  The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  It is undisputed that Nicholas Jason Street, Nancy Sopeany Pheng Street, and SANSCO ("Claimants") are the only parties to file administrative claims to the defendant funds.

2.  In this action only, Claimants do not dispute the United States' representation that it could show at a forfeiture trial the following: (a) that in 2012, DEA agents investigated El Camino Wellness Center, located at 2511 Connie Drive,

Sacramento, California. Nicholas Jason Street was an owner of SANSCO, a California Corporation that owned El Camino Wellness Center, and Nancy Sopeany Pheng Street is Mr. Street's lawful wife; (b) that on or about June 8, 2012, federal agents executed search warrants at El Camino Wellness Center located at 2511 Connie Drive, in Sacramento, and at the Street's residence located at 6331 Riverside Blvd., Sacramento, and during the search of El Camino Wellness Center, agents found 174 marijuana plants, ten pounds of processed marijuana, and $44,374.00 in cash. An additional $21,813.00 in cash was discovered during a search of the Street's residence located at 6331 Riverside Blvd.

3. In this action only, Claimants do not dispute the United States' representation that it could also show at a forfeiture trial the following: (a) that on or about June 13, 2012, federal agents seized $30,020.00 in U.S. Currency and a Wells Fargo Bank Cashier's Check in the amount of $20,000.00 from the possession and/or control of Jacques S. Whitfield, an attorney then associated with El Camino Wellness, whose office was located at 2189 Harvard Street, Suite 560 in Sacramento, California; (b) that the defendant funds were seized pursuant to a federal seizure warrant signed by Judge Dale A. Drozd, Magistrate Judge in the Eastern District of California; and (c) that the seizure warrant alleged that the defendant funds were subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as fully described in the warrant affidavit's factual recitation, <u>In Re Seizure of $60,000.00 in U.S. Currency</u>, Case 2:12-sw-00320-DAD, ECF No. 1.

4. In this action only, Claimants do not dispute the United States' representation that it could show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, Claimants specifically denying the same, and solely for the purpose of reaching an amicable resolution and compromise of this matter, Claimants do not dispute the United States' representation that an adequate factual basis exists to support forfeiture of the defendant funds, that Claimants are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or

entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Claimants shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. All right, title, and interest in defendants Approximately $30,020.00 in U.S. Currency and A $20,000.00 Cashier's Check, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds in this action only.  This is a full and final release in this action only applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

12. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered

accordingly.

13.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.  The stipulated settlement covers only the forfeiture claims and has no impact on (i) the pending criminal investigation, (ii) any subsequent criminal prosecution and/or any defenses thereto, or (iii) the pending action for injunctive relief which is currently on appeal in the Ninth Circuit Court of Appeals (Ct. App. Case Nos. 12-15991, 12-55775 and No. 12-16710).

14.     All parties will bear their own costs and attorney's fees.

Further, pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

Dated:  August 9, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge